UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

M.R., et al.,

Plaintiffs,

- against -

NYC DEPARTMENT OF EDUCATION, et al.

Defendants.

---

Civ. No. 20 CV 9631

SO-ORDERED STIPULATION OF SETTLEMENT AND DISMISSAL

WHEREAS, M.R., the parent of I.R.F. (formerly known as Q.T.) (the "Student")[1], (collectively, "Plaintiffs"), commenced the following cases and proceedings: (a) Impartial Hearing ("IHO") Case No. 162581; (b) IHO Case No. 172565 (as well as Case No. 182560, which was consolidated with IHO Case No. 172565); and (c) SRO Case No. 20-127 (collectively, the "Administrative Actions"), as well as the above-captioned federal case, *M.R., et al., v. New York City Department of Education, et al.*, Civil Action No. 20-cv-9631 (S.D.N.Y.) (the "M.R. Action" or "this Action").

WHEREAS, on or about November 15, 2017, the Impartial Hearing Officer in IHO Case No. 162581 issued a Findings of Fact and Decision ("FOFD") finding that the Student had been denied a free appropriate public education ("FAPE") for the school years at issue in that proceeding and awarding relief to Plaintiffs, and on or about December 5, 2017, the Impartial Hearing Officer issued a Corrected FOFD;

---

[1] After the initial complaint was filed, Q.T. legally changed her name; her new initials are I.R.F.

WHEREAS, on or about June 17, 2020, the Impartial Hearing Officer in IHO Case No. 172565 issued an FOFD finding that the Student had been denied a FAPE for the school years at issue in that proceeding and awarding relief to Plaintiffs;

WHEREAS, on or about July 20, 2020, Plaintiffs partially appealed the FOFD in IHO Case No. 172565 to the New York State Education Department's Office of State Review ("SRO"), which appeal was designated SRO Case No. 20-127;

WHEREAS, on or about March 4, 2021, the State Review Officer in SRO Case No. 20-127 issued a decision modifying in part the FOFD award that had been issued in IHO Case No. 172565;

WHEREAS, on or about November 16, 2020, Plaintiffs initiated the M.R. Action;

WHEREAS, collectively, the Administrative Actions and the M.R. Action allege, *inter alia,* that the Department of Education ("DOE"), the Chancellor of the New York City Schools, and the Board of Education (collectively, "Defendants") denied the Student a FAPE for the 2012-2013, 2013-2014, 2014-2015, 2015-2016, 2016-2017, 2017-2018, and 2018-2019 school years, or from July 1, 2012 through June 30, 2019 (the "School Years") and ("SYs at Issue");

WHEREAS, Defendants deny any and all liability arising out of the Plaintiffs' allegations in the Administrative Actions and the M.R. Action;

WHEREAS, Plaintiffs and Defendants (collectively, "the Parties") now desire to resolve the individual claims raised by the Plaintiffs in the Administrative Actions and the M.R. Action without further proceedings and without admission of fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through the undersigned, as follows:

1. The Parties hereby agree that the terms of this Stipulation of Settlement and Dismissal (this "Stipulation") shall be binding upon the Parties, as well as their successors and assigns.

2. This Action is hereby dismissed, on the terms set forth herein, with prejudice.

3. Defendants hereby agree to fund up to and no more than seven hundred thousand dollars ($700,000.00) worth of compensatory educational services ("Compensatory Services") for the Student, which can be used until the "Services End Date," as defined herein in paragraph "5." The Compensatory Services may be used as 1:1 instructional hours, classes, or as tuition or costs for services, programs, and/or classes that are not billed on a 1:1 hourly basis, as follows: for tutoring; services by a licensed teacher; related services (as defined in 34 C.F.R. § 300.34); Specially Designed Instruction (individualized academic instruction, GED-aligned instruction for students with disabilities, executive-functioning and organizational-skills instruction, curriculum modifications, adapted materials, and any instructional methods tailored to address the unique educational impacts of I.R.F.'s disabilities); Transition Services, including include career readiness training, vocational skills instruction, job-coaching, transition planning, community-based instruction, independent-living skills, and any services required to support access to vocational programs (including massage therapy, fitness-related training, anatomy foundations, and other prerequisite certifications); Postsecondary Access Supports (academic coaching, college-readiness support, assistance with applications and placement exams, and services that facilitate access to higher education); Assistive Technology ("AT") and Training (AT evaluations, software, devices, learning applications, and training on approved equipment, consistent with 34 C.F.R. §300.105); Supplementary Aids and Services (mentoring, attendance or

engagement supports, behavioral support, and any supplementary services required to ensure access to instructional or vocational programs); Pre-vocational and Vocational education and training; General Education (as described in paragraph "4"); Counseling (which can include counseling with a social worker, mental health counselor, psychologist, psychiatrist, coach, or social skills groups); Parent Counseling and Training ("PCAT"); Materials and Equipment for any classes or programs (as defined below in paragraph "4"), and any assessments required by any providers prior to the student initiating services or during the services to measure progress, with a cap of $7,500.00 per assessment; and Transportation (as described in paragraph "4"). Further provisions regarding Compensatory Services:

(a) Compensatory Services may be remote or in-person.

(b) Plaintiffs will select the providers of the Compensatory Services.

(c) In order for the DOE to fund and/or reimburse Compensatory Services, documentation described in paragraph "8" must be submitted.

(d) At the option of Plaintiffs M.R. or I.R.F., Defendants agree to (a) make direct payments to vendors of Compensatory Services or (b) reimburse the Parent, I.R.F. or a third party (including but not limited to the student's grandparent) who pays for the cost of Compensatory Services for the Student pursuant to the procedures in paragraph "8."

(e) Compensatory Services will also include reimbursement of up to $1,500.00 for I.R.F.'s massage school in Texas, an expense incurred prior to the date on which the Court endorsed this Stipulation.

4. The following definitions and procedures will apply to the Compensatory Services described as "General Education," "Transportation" and "Materials and Equipment" set forth in paragraph "3":

(a) Transportation Services may be used for the following: cost of MetroCards or Access-A-Ride for I.R.F., mileage (as per the IRS business rate for the year in question), and tolls (if driving) for anyone other than a car service or taxi driver who is driving I.R.F. to and from Compensatory Services, rideshare, car service, or taxi (collectively, rideshare, car service, and taxi will be referred to as "Taxi"). Reimbursement for car service or taxi rides must be reasonable for the distance travelled and the duration. Any disputes about transportation will be resolved by procedures described in paragraph "24".

(b) General Education classes may include any one of the following courses or classes: (i) instruction in the Arts (including but not limited to visual arts, music, dance, theater, painting, sculpting, choir, band, drama, choreography); (ii) instruction in Physical Education (including but not limited to activities within the New York City Public Schools "Physical Education Scope and Sequence"[2] and/or New York State Education Department guidelines[3]), Health, Nutrition and/or Wellness; (iii) instruction in World Languages, as defined by the New

[2] *See* https://www.weteachnyc.org/resources/resource/new-york-city-grades-6-12-physical-education-scope-and-sequence/.

[3] *See* https://www.nysed.gov/sites/default/files/programs/standards-instruction/new-york-physical-education-learning-standards-2020.pdf, including Glossary of Terms at pp. 49-53. Included in the allowable classes are any classes in the categories of activities listed in the Glossary of Terms, including, but not limited to, Dance, Fitness Activities, and Exercise.

York State Education Department[4]; (iv) instruction in Technology & Computer Science (computer literacy, programming, digital design, coding, and similar coursework[5]); (v) Career and Technical Electives (including but not limited to culinary arts, wellness, business, and finance[6]); and (vi) instruction in any other subject matter that could be offered at a DOE High School and/or is authorized under the New York State standards, although it need not be a class that is for high school age individuals. Additionally, the following restrictions apply:

a. General Education shall not include coursework that provides college credit.

b. If reimbursement is sought for Physical Education, Health, Nutrition, and/or Wellness offered through or provided by a gym, fitness studio, health club, recreation center, or similar establishment, funding shall be contingent upon receipt of (1) proof of payment (as set forth in paragraphs "8(h)" and "8(i)") and (2) proof of attendance. Furthermore, the following provisions apply to such reimbursement:

    i. Specific attendance thresholds are as follows:

        1. For individual classes, I.R.F. must have attended the class;

[4] *See* https://www.nysed.gov/world-languages/nys-learning-standards-world-languages.

[5] *See* https://www.highered.nysed.gov/tcert/certificate/computer-sci-coursework.html.

[6] *See* https://www.nysed.gov/career-technical-education/cte-policy-and-guidance.

2. For class bundles, I.R.F. must have attended no fewer than three-fourths of the classes included in the class bundle;

3. For monthly membership, I.R.F. must have attended classes at the subject establishment on no fewer than four separate dates during the membership month (the "monthly attendance requirement");

4. For a twelve-month membership, I.R.F. must have attended classes at the subject establishment on no fewer than forty-eight separate dates during the twelve-month membership period (the "annual attendance requirement").

ii. If reimbursement is sought for a twelve-month membership and I.R.F. has <u>not</u> satisfied the annual attendance requirement, DOE will instead issue a partial reimbursement, proportionate to the number of months in the twelve-month membership period during which I.R.F.'s attendance would have satisfied the monthly attendance requirement.[7] Similarly, Plaintiffs may seek reimbursement of a twelve-month membership on a rolling basis in monthly increments, subject to proof of payment and proof that I.R.F. has satisfied the monthly attendance requirement.

---

[7] Accordingly, the reimbursement amount would be calculated as follows: the cost of the twelve-month membership divided by twelve, multiplied by the number of months during which I.R.F. attended the establishment on at least four separate dates during the month in question.

iii. Membership, whether on a monthly or twelve-month basis, is not reimbursable unless attendance of classes at the establishment requires purchase of membership.

iv. Proof of attendance under paragraph "4(b)(ii)" shall be provided on letterhead of the establishment where classes are taken.

(c) Materials and Equipment: If a Compensatory Services provider and/or Program requires attendees to have particular materials or equipment, and requires attendees to purchase such materials or equipment (i.e., the program does not provide them as part of the regular cost).

5. The Student may receive Compensatory Services until seven years after the date on which the Court endorses this Stipulation (the "Services End Date"). Defendants will not be responsible for funding any Compensatory Services if the services are provided after the Services End Date, and any services not provided by the Services End Date will be forfeited. However, Defendants will pay for services provided as part of the Compensatory Services fund delivered until the Services End Date even if invoices are submitted after the Services End Date, provided those invoices are submitted within 60 days of the Services End Date.

(a) Services delivered prior to the Court's endorsement of this Stipulation: Funding for services that are delivered pursuant to the orders issued in IHO Case No. 172565 and/or SRO Case No. 20-127 *before* the date on which the Court endorses this Stipulation shall not be deducted from the Compensatory Services funds and shall be requested and processed in the ordinary course for awarded services (*i.e.*, funding requests made pursuant to IHO Case No. 172565 shall be submitted to and processed by the DOE's Impartial Hearing Implementation Unit ("IHIU"); and

funding requests made pursuant to SRO Case No. 20-127 shall be submitted to and processed by DOE's Bureau of Non-Public School Payables ("NPSP"); and Defendants will pay for services delivered before the date of the Court's endorsement of this Stipulation, provided that all invoices required in connection with such funding requests is submitted within 30 days after the associated date of service).

6. Payment of Attorneys' Fees

(a) Defendants agree to pay Plaintiffs' counsel, The Law Office of Elisa Hyman, P.C. (the "LOEH"), with addresses at 1115 Broadway, 12th Fl. New York, NY 10010 and 42 West 24th Street, New York, NY 10010, and Plaintiffs' former counsel, Friedman & Moses, LLP (for which the LOEH has an assignment) the sum of $172,000.00 for attorneys' fees, costs, and expenses, accrued in this Action and in the underlying Administrative Actions up until the date that this Stipulation is endorsed by the Court. Defendants will issue a check made out to The Law Office of Elisa Hyman, P.C. in this amount to The Law Office of Elisa Hyman, P.C. c/o Elisa Hyman, The Law Office of Elisa Hyman, P.C., 40 West 24th Street, 4E, New York, NY 10010 or will issue the check via ETF.

(b) The amount of attorneys' fees in paragraph "6(a)" is contingent upon the Court's approval of this Stipulation. If there are further proceedings required by the Court, such as Court appearances and/or a hearing, Plaintiffs may seek additional attorneys' fees.

7. Plaintiffs are not limited to using the Compensatory Services in the State of New York or with vendors that have previously received payment from the DOE, and the parties

contemplate that the Compensatory Services fund can be used with any provider of services described in paragraphs "3" and "4," as long as they have a United States tax identification number (for a corporation) or a social security number or other proof that they are legally allowed to work in the United States (if an individual is providing the services) and are subject to the conditions in paragraph "8."

8. With respect to the direct payment for Compensatory Services delivered by a provider upon proof of services, and/or for reimbursement to the Student, Parent or a third party who pays for any Compensatory Services for the Student set forth herein the following documents must be submitted to Defendants:

(a) Hourly Services: Reimbursement or Direct payment to a provider shall be contingent upon receipt of a document on letterhead or invoice from each of the Providers of the Compensatory Services indicating the Providers' name, address, tax identification number (if applicable), and license number (if applicable), the type of service, and hourly rate or other cost (if not priced hourly) of the Compensatory Services, dates and proof of receipt of the Compensatory Services, with the number of hours of services listed unless the services are tuition based and not hourly. In addition, if the providers of the Compensatory Services have not previously been paid by Defendants or have had a change in name or address since prior payments, Plaintiffs shall ensure that the provider(s) submit a Substitute W-9 form, or similar tax form that may be required, for payment.

(b) For tuition-based programs or classes, including those online programs or classes ("Programs"), reimbursement or direct payment shall be contingent upon receipt of a document on letterhead or invoice indicating the Program name, address, tax identification number (if applicable), and license number (if applicable), the type of

service and cost for class or program, as well as a syllabus or other description of program information, and proof of attendance or completion (by month, class, semester, or other program length). Proof of completion may be established by attendance records, grade, report card, progress report or certificate of completion issued by the provider.

(c) I.R.F. is not limited in terms of the number of service hours or Programs that she can utilize provided the total cost does not exceed $700,000.00. However, the DOE agrees to pay for only one entire tuition-based Program that is not completed, and such payment will be made only if the disenrollment or non-completion was due to an "Act of God" or similar circumstance outside of I.R.F.'s control, including an illness, family member's illness or death, I.R.F. becoming involuntarily unhoused, or a Pandemic. However, for a tuition-based Program that is funded monthly, the DOE will reimburse for any month completed, provided that I.R.F. is still enrolled in the program. The parties may resolve any dispute regarding a non-completed Program using paragraph "24" procedures.

(d) After the initial documentation is submitted by each of the Providers for direct payment, payment shall be contingent solely upon submission of invoices evidencing the cost, number of hours, and hourly rate or other cost (if not priced hourly), type of service and dates of receipt of the Compensatory Services.

(e) For Transportation expenses:

i. For mileage and tolls using a private car, a printout from Google Maps establishing the mileage between home and service provider and EZ Pass records (or similar records, if not in an EZ Pass state) for tolls, paid at a mileage rate as measured by the IRS business rate for the year in which the mileage was incurred.

ii. For Taxis (as defined in paragraph "4(a)"), the receipt from the Taxi with the amount, date and time of ride.

iii. For all transportation expenses, a document evidencing the attendance at services for the date, and time if possible, for which transportation is sought. A related invoice reflecting date of receipt of service is sufficient (see paragraph "8(d)").

iv. If prospective transportation services are sought, the provider must provide a Substitute W-9 (or similar tax document) if they have not previously been paid by the DOE.

(f) Materials and Equipment: (1) documentation showing that the materials or equipment are required (either through a program document on letterhead, syllabus, or email from a Provider, such as a teacher or instructor), and are not provided by the Program, as well as (2) proof of purchase, which would include a receipt of purchase by Plaintiffs or a Third Party (on I.R.F.'s behalf). If cash is used for the purchase, a declaration or affirmation (under New York State law) will be acceptable for any costs up to $100.00, with an affidavit required for any costs beyond $100.00. If an affidavit is required, the costs for the notarization may be reimbursed from the Compensatory Services bank.

(g) Assistive Technology: proof of purchase, which would include a receipt of purchase by Plaintiffs or a Third Party (on I.R.F.'s behalf); and proof of payment.

(h) For any reimbursement sought, in addition to the documents required in (a)-(d), proof of payment must be provided. Proof of payment shall be in the form of a) a document from the Provider indicating any payments made on behalf of I.R.F. and b) copies of the

payment documents, *e.g.*, cancelled checks, bank statements, Venmo, PayPal, Zelle, Cash App, credit card statements.

(i) For any Third-Party payment or reimbursements, if a third party is not one of I.R.F.'s family members, either I.R.F. or M.R. must submit a declaration or affirmation (under New York State law) that the payment was made on I.R.F.'s behalf. Additionally, the third party must also submit: (a) a declaration or affirmation (under New York State law) that the payment was made on I.R.F.'s behalf; and (b) if the payment was made by loan, a copy of a written document evidencing the loan. However, a third-party payment made on I.R.F.'s behalf may be reimbursed even if the payment was not made via a loan.

(j) If Plaintiffs or a third party pays for services and/or advances the cost of services on behalf of the Student and seek reimbursement, Defendants agree to make best efforts to reimburse the payor within 45 days of the submission of the documents set forth above, once all documents necessary for reimbursement are submitted.

(k) Defendants agree to make best efforts to pay all Direct Payment Providers within 45 days of the receipt of invoices.

9. Plaintiffs shall ensure that any documentation required by paragraph "8" relating to payment for the Compensatory Services is submitted to NPSP no more frequently than on a monthly basis. Documentation under this subparagraph may be submitted by one of the following methods.

- Preferred method is by email to:
  NPSPSettlements@schools.nyc.gov
  (Including the Student's name, OSIS No., and the case number(s) above and the nature of the Service in the subject line)

- By US Mail to:
  NYC Department of Education
  Bureau of Non Public School Payables

Attn: Settlement Unit
65 Court Street, Room 1001
Brooklyn, NY 11201
Phone: (718) 935-4789

- Or by facsimile to: (718) 472-6101
  Attn: Settlement Unit of Bureau of Non-Public School Payables

10. In addition to the above Compensatory Services, Defendants will provide an Educational Services Fund ("Educational Fund") equal to $50,000.00 that can be used by I.R.F. for Educational Expenses and Related Expenses for up to seven years after the date on which the Court endorses this Stipulation.

(a) Educational Expenses are defined to include expenses concerning education for I.R.F. and includes the cost of tuition for a college, university, graduate degree program or professional certificate program (collectively defined as "School"); School fees (e.g., add/drop fees, transcript fees, and other fees associated with academic programs); School application fees; and educational loan payments and fees that do not otherwise qualify as Transition or Vocational Services under paragraph "3," and which can be credit bearing toward a degree at the post-secondary level.

(b) Related Expenses are defined to include (i) books; (ii) room and board if I.R.F. resides in a dormitory or School-based housing; and (iii) transportation costs to and from School.

11. I.R.F. further agrees to file a Free Application for Federal Student Aid ("FAFSA") form for any semester at any college, university, graduate degree program or professional certificate program she seeks to use the Educational Fund for and to accept any grants offered, provided the grants are free of any interest and do not have to be repaid. In the event I.R.F.

receives any grants, the DOE will only be obligated to pay for Educational Expenses and Related Expenses not being funded via grant.

12. In consideration of the Compensatory Services, Educational Fund and payment of attorneys' fees and costs set forth herein, and subject to the exceptions set forth below herein, Plaintiffs agree to the withdrawal and dismissal with prejudice of all claims that were raised by Plaintiffs in this Action and the Administrative Actions concerning the SYs at Issue. Plaintiffs agree to release and discharge the DOE, the New York City Board of Education, Chancellor Kamar Samuels and all of his predecessors and successors in interest, their past and present officials, employees, departments, agencies, representatives, directors, and agents, and their successors and assigns from any and all liability, claims, and/or rights of action concerning any of the claims raised by or on behalf of Plaintiffs in this Action and the Administrative Actions concerning the SYs at Issue, including all claims for attorneys' fees, costs, and expenses incurred for work performed in connection with Plaintiffs' claims in this Action and the Administrative Actions except as set forth in paragraph "13." Plaintiffs' attorney agrees to release and discharge the DOE, the New York City Board of Education, Chancellor Kamar Samuels and all of his predecessors and successors in interest, their past and present officials, employees, departments, agencies, representatives, directors, and agents, and their successors and assigns from any and all liability, claims, and/or rights of action concerning claims for attorneys' fees, costs, and expenses incurred for work performed in connection with Plaintiffs' claims in this Action and the Administrative Actions except as set forth in paragraph "13."

13. Exceptions to Releases and Waivers: Plaintiffs do not release, discharge or waive (a) claims by Plaintiffs to implement and/or enforce this Stipulation; or (b) the right to seek

attorney's fees, expenses and/or costs relating to work to implement and/or enforce this Stipulation or as otherwise set forth herein in paragraph "6(b)."

14. Plaintiffs and Plaintiffs' attorney shall each execute and deliver to Defendants' attorney releases based on the terms of paragraphs "12" through "13." The Law Office of Elisa Hyman, P.C. shall also complete a Substitute W-9 form. Plaintiffs' counsel shall promptly provide the completed Substitute W-9 form and Releases to Defendants' undersigned counsel. The provisions and payments described above are conditioned upon the delivery of the releases and substitute W-9 form to Defendants' attorney.

15. Nothing contained herein shall be deemed to be an admission by Defendants that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City of New York, or the New York City Department of Education, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or the New York City Department of Education.

16. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Department of Education.

17. Neither this Stipulation, nor Defendants' funding of the services described herein pursuant to this Stipulation, shall be relied upon by any party to indicate, establish or support the position that they constitute, in whole or in part, either a recommendation by the DOE, an agreement by the Parties, or the Student's educational program for the purposes of the "pendency" or "stay put" provisions of the Individuals with Disabilities Education Act and its implementing regulations (20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518) and/or New York State law and regulations (N.Y. Educ. Law §§ 4404(4), 4410(7)(c) and 8 NYCRR § 200.5(m)).

18. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as may be necessary to enforce its terms or to apprise a hearing officer, a school district, the SRO, or the Court in any subsequent IEP meeting, resolution session, settlement, administrative or judicial proceeding outside of New York City about the nature of the services that the Student is receiving pursuant to this Stipulation and Order, if any.

19. This Stipulation and Order contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order, regarding the subject matter of this Action shall be deemed to exist, to bind the Parties, or to vary the terms and conditions contained herein.

20. Nothing contained herein shall be deemed to be an agreement or admission by Defendants or the City of New York as to the reasonableness of the number of hours billed or the hourly rates claimed by Plaintiffs' counsel.

21. This Stipulation and Order is final and binding on all Parties, as well as their successors and assigns.

22. This Stipulation and Order may be executed in counterparts, and a facsimile or photocopied signature shall be deemed valid for all purposes.

23. The Court will retain jurisdiction over the enforcement of this Stipulation.

24. Any dispute arising under this Stipulation and with regard to its enforcement can be presented to the Court. Prior to contacting the Court on any issue arising under this Stipulation, the party seeking relief shall provide the other party with written notice of the nature and specifics of the issues for which relief will be sought. If Plaintiffs seek relief, written notice to the Assistant Corporation Counsel assigned to the Action or — if that lawyer is no longer employed

at the Office of the Corporation Counsel or in the General Litigation Division at that Office — to a supervisor in the General Litigation Division shall suffice. Such written notice must be provided by email at least fifteen (15) business days before contacting the Court. Counsel shall meet and confer within this fifteen (15) business day period in an attempt to resolve any outstanding issues described in the written notice. If the Parties cannot resolve the issues within the above-referenced fifteen (15) business day period, counsel will thereafter, within a reasonable period of time, write to the Court setting forth the nature of the alleged issues and seeking a conference with the Court. If the Parties cannot resolve the issue by agreement within the timeframe for resolution set by the Court, any Party may thereafter make a motion for relief before the Court in accordance with the schedule set forth by the Court or agreed upon between the Parties. If the issue raises irreparable harm, the fifteen (15) business day period is reduced to three (3) business days. However, disputes over attorneys' fees regarding Stipulation Compliance must be negotiated within thirty (30) calendar days, rather than the fifteen (15) business days indicated above.

Dated: July 22, 2026
New York, New York

THE LAW OFFICE OF ELISA HYMAN, P.C.
Attorneys for Plaintiffs
1115 Broadway, 12th Floor
New York, New York 10010
(646) 572-9064
elisahyman@gmail.com

By: [signature]
Elisa F. Hyman, Esq.,

STEVEN BANKS
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, 2nd Floor
New York, New York 10007
(212) 356-2174
daalexan@law.nyc.gov

By: [signature]
Darian Alexander
Assistant Corporation Counsel

/s/Laura Taylor Swain
Chief United States District Judge

SO ORDERED
Dated: July 27, 2026